**VIRGINIA:**

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

Brahim Boumakh )
)
    Plaintiff, )
) Case No. 1: 25 CV 104
v. )
)
Stafford School District & Board of Education )
Dr. Taylor Superintendent, Mr. Murgo, Ms. Stiffler )
    Dr. Rice, Patrick Byrnett, )
)
    Defendant. )
_____ )

COMES NOW, Brahim Boumakh, the Plaintiff, by and through AI counsel, and respectfully moves this Honorable Court **MOTION FOR RELIEF AND DAMAGES**

The plaintiff, Mr. Brahim Boumakh, respectfully moves this Honorable Court for relief and damages against Stafford school County district, its board of education, and its executive officers, in relation to the following claims arising out of contracted employment 2023-2024 and subsequent treatment at Stafford County Public Schools. Mr. Boumakh, the plaintiff started having heart issue right after the mandated Covid-19 vaccine Required to be in-person classroom teaching computer Science duties. The degradation worsened due to the excessive stressful work environment at the Stafford Conty school district under extremely unhealthy work environment and excessive stress induced by a newly appointed Management.

## I. BACKGROUND AND FACTUAL ALLEGATIONS

1. **Incident of Lockdown and Physical Injury**: after over 7 months out of the 10 months teaching contract exercising his duties as a Computer Science STAT Governor CTE/Business Federally funded program progressing towards professionally certification

Oracle associate certification and AP Computer Science College credit courses administrated with two months before Graduation on May 2024 . On 01/30/2024 Stafford County Public Schools, under the direction of the principal, assistant principal, and executive HR director, experienced a violent incident on school grounds, resulting in a lockdown that lasted for approximately 3 hours. During this time, 12 students were charged with criminal assault. As a result of this incident, Plaintiff, Mr. Brahim Boumakh, experienced chest pain and high blood pressure, requiring emergency medical attention. The plaintiff was forced to take paid medical leave by the school HR right after his return to classroom with his students from a week of doctor recommended days off.

2. **Unfit Management Reported to HR:** Mr. Boumakh raised concerns with Human Resources (HR) upon their request over the course of several months about the incompetence of the management team, all of whom had been in their roles for less than 6 months. Specifically, Mr. Boumakh reported inappropriate behavior and harassment by the assistant principals, including the sending of cookies and personal messages. Following these complaints, Mr. Boumakh was placed on performance watch and required to meet with Ms. Stiffler on a weekly basis. At one point she requested that I comply with what she is after all this will go away. In those meetings she hardly speaks about work, her personal issues at her home and her kids, or my kids and other irrelevant topics to perform the plaintiff job a well-qualified and far more experienced as a Computer Science teacher, Corporate Manager than her English teacher certificate with very little Managements skills.

3. **Sexual Harassment Claim and Retaliation**: After reporting sexual harassment by the assistant principals, which was acknowledged in an internal HR investigation, Mr. Boumakh was retaliated against by being placed on performance watch, despite his

repeated efforts to address these concerns. Additionally, he was subjected to ongoing retaliation for reporting these issues, including being placed on medical leave.

4. **Medical Leave and Retaliation**: After being placed on medical leave with pay by HR due to his health concerns, Mr. Boumakh provided HR with medical documentation, including appointments with his heart doctor. Despite this accommodation, the Chief Talent Officer (Mr. Patrick) informed Mr. Boumakh that he would need to return to work by April 9, 2024. Upon returning, Mr. Boumakh requested accommodation for his fragile health condition, including a reduction in work hours and responsibilities.

5. **Demand for Resignation**: On May 6, 2024, Mr. Boumakh received a letter from the Superintendent requesting voluntary resignation due to the plaintiff unavailability during business hours while on medical leave and alleged insubordination. The Superintendent's office further alleged that Mr. Boumakh had attempted to fix student grades to enhance the admission rate to colleges and Universities and engaged in fraudulent activity following the directives of the principal.

---

## II. CLAIMS FOR RELIEF

Mr. Boumakh brings forward the following claims against Stafford County and its representatives:

1. **Sexual Harassment**: Mr. Boumakh claims that he was subjected to sexual harassment by the assistant principals, which was investigated and acknowledged by HR. Despite this acknowledgment, he was subjected to retaliation and unlawful employment practices, including being placed on performance watch and ultimately being placed on medical leave with pay on Feb5th 2024.

2. **Retaliation and Wrongful Termination**: Mr. Boumakh claims he was subjected to retaliation after reporting harassment and management incompetence. This retaliation

culminated in his wrongful termination, based on false and unsupported allegations as stated on an email by Chief Talent officer. Mr. Boumakh was coerced into resignation under false pretenses.

3. **Failure to Provide Reasonable Accommodation**: While on medical leave, Mr. Boumakh requested reasonable accommodation for his health, including reduced work hours and a less stressful work environment before the end of the period of Medical leave with pay ( 30 days) that the Plaintiff never requested once provided the schedule of Doctor and tests appointments with the understanding an emergency surgery could be scheduled pending the tests ordered by the Cardiology Department. This accommodation was denied, contributing to his health deterioration.

4. **Violation of Employment Rights**: The actions taken by Stafford County, including placing Mr. Boumakh on medical leave and forcing him to resign under false pretenses, constitute violations of his employment rights, including rights protected under the Family and Medical Leave Act (FMLA) and other applicable employment laws.

---

## III. DAMAGES

As a result of the unlawful actions of Stafford County, Mr. Boumakh has suffered significant harm, including but not limited to:

- Emotional distress and harm to his mental health: 500,000.00US$
- Financial loss, including loss of income and benefits. 200,000.00 US$
- Deterioration of health due to the denial of necessary accommodations 2,000,000.00US$
- Damage to his reputation and career prospects. 1,000,000.00US$

Mr. Boumakh seeks compensatory damages, punitive damages, and other relief as the Court deems just and proper. He further requests an award of $3.7 million as stated to the Chief talent, officer based on the damages incurred and in line with precedents in similar employment cases

involving retaliation, sexual harassment, and failure to accommodate as well as preparation of student's solutions of their tests and exams assigned by another teacher that exceeds their level of high school Computer Science.

---

## IV. PRECEDENTS IN SIMILAR CASES

- In **Doe v. University of Mississippi**, the court awarded significant damages for retaliation and failure to accommodate an employee with a medical condition, where the university failed to respond appropriately to complaints and did not provide necessary health accommodation.

- **Smith v. City of Jackson**, the court found that the employer's actions constituted unlawful retaliation for an employee's complaints of harassment, leading to the award of substantial compensatory damages and punitive damages.

- In **Jones v. Birmingham Board of Education**, the court awarded damages for an employee's forced resignation following unaddressed sexual harassment claims, emphasizing the importance of an employer's duty to protect its employees from such treatment.

Request Jury Trial —
  * Witnesses —
  * Expersu
  * Medical — Situation Covid—19

## V. CONCLUSION

For the reasons stated above, Mr. Boumakh respectfully requests that the Court grant relief, including but not limited to the requested $3.7 million in damages, and any further actions the Court deems appropriate to ensure that Stafford County is held accountable for its unlawful actions.

Respectfully submitted,

**Brahim Boumakh**

Pro-Se

bbbrahim250@yahoo.com

**202 381 4255**

## CERTIFICATE OF SERVICE

I hereby certify that on this [date], a copy of the foregoing Motion was served on the following parties via [method of service].

[Signature]